Mr. Donahoe. Michael Donahoe. Good morning, Your Honor. It's a pleasure to court. I'm here on behalf of Mr. Gratzer. I was appointed pursuant to an order of this court. An order was sent to our magistrate judge in our district, and the case was assigned to our office. This presents an interesting case containing two issues. One, the respondent says we shouldn't even reach the merits, and I guess I'll address that first. On inequities theory, the respondent complains that the COA should have never been granted. Apparently the reasoning is it's because Mr. Gratzer received a letter from this court that I'll assume he received, although I do not know that of my personal knowledge, telling him that his papers were being returned and that he could pursue his appeal elsewhere, apparently in the district court. I don't know, even if we assume that that's true, that that would warrant not reaching the merits of his argument. If the court has questions about that, I guess I could pursue that. You know, we are a court that does not confer prior to argument, but from my point of view, I would appreciate it if you'd just get straight to the merits. Okay. I don't know how my colleagues feel. They may feel differently. I just didn't know how much time I should spend on that particular point. Insofar as the merits are concerned, the case presents the issue of whether the jury was properly instructed as to the burden of proof. I think we're on the same page, Respondent and the Petitioner here, with regard to the framing of that issue. You know, if you don't keep your voice up, a third of the court isn't going to know what you're saying. Sorry, Your Honor. I was saying that I think that we have the issue framed here properly. Whether there actually was an assignment of the proof burden, clearly there wasn't. I think everybody agrees on that particular point. So the question becomes whether under Brecht, under the relevant standards, that would be sufficient to warrant a new trial for this defendant. And we say clearly that it is. Let me start with a couple of, just to get me clear on Montana State law. At the time the jury was instructed, was extreme stress an element of the lesser-included defense? Well, I'll take the Montana Supreme Court at its word in the context of this case and say, no, it wasn't. And that's the decision that they made. How about the other side of the coin? Under Montana law, at the time the jury was instructed, was it an affirmative defense? It was neither an element or an affirmative defense, according to the law of the case. How do you conclude that, counsel? I'm sorry, Your Honor? How do you conclude that? Well, I conclude that by reading the direct appeal opinion that was issued. Who would it help? Who would what help, Your Honor? The instruction. Well, I think that it actually makes the trial what it should be. It's fair to both sides. It would help both sides. Had the claim, I guess to complete my thought here, Your Honor, had the issue been clarified by the Montana Supreme Court and sent back one way or the other, it's an affirmative defense or it's an element, it would have been resolved. I don't think we'd be here today. But that wasn't the case. The Court decided that it was in this conundrum and it was going to take this middle-of-the-road position, and that is the error for which we are here today. Okay. Well, let's look. I'm having trouble with the error. Instinctively, it seems like it should be wrong to have a situation where you have this finding the jury has to make, but you don't know who has the burden or what the quantum of proof they have to prove it by. Correct. But when I run it through our cases and I make a little chart of, well, let's say we found that the defendant had the burden, and under Leland and Patterson, that wouldn't be unconstitutional if that were the assumption, or if the prosecution had the burden, which would be weird, but still wouldn't be unconstitutional. Right. So what is the unconstitutional aspect of it? Well, I'm having trouble getting to the bottom. I guess where I want to go with that, Your Honor, is the Zinnerman case that I cited for the broad principle that a defendant has a tangible due process right to fair procedure. I have a right to stand as a lawyer and say they have to prove this if that's the case, if they're the instructions. If they're not the instructions, I have a different tactic I can take. I don't know what that might be, but all I'm saying is that we have a right to have the case set up properly. But still it's an ambiguous instruction. That I think hamstrings everybody, including the jurors. And that's why I went in the brief to the brief section on the case. And is there any case more specific that really brings us to that conclusion other than general due process? Well, general due process and unanimity. Okay. That's where I want to go with that, is that you have jurors not being instructed, not being able to pick up those jury instructions and read whose burden it was, if there is a difference of opinion on the point, to resolve the issue. Look, the jury could have concluded when they deliberated that this was the burden of the defense to establish. And there would be no constitutional error if they had been told that, right? Correct. Or they could have concluded that it was the prosecution's burden, the State's burden to prove. And if they had been instructed that, there would be no constitutional error. Correct. And I suppose the same thing could be said for the quantum of proof, right? Well, it could be, but I guess I want to stay with that point. That turns out to be a substantial error. What if you have four jurors that are thinking it's the defense's burden, and the other eight saying, well, it was the government's burden? That's the one issue I have, is whether it's a unanimity problem. But if you have that, and if, in fact, it's nobody's burden, but in the end, they all determined that he wasn't, that they all determined that they couldn't find he was acting under extreme emotional distress, does the unanimity problem play out here like it does in the element case? I think it does. I think it has to, because the Supreme Court says clearly in the one case I cited, maybe it's Spicer, that in some cases, the assignment of the proof burden can resolve an issue. And if you have different jurors using different recipes to conclude on points that are substantial in a lawsuit, you're not going to achieve the unanimity, and that's an abiding principle in a jury trial, especially of this nature. You need to have those jurors thinking along the same lines when they're going to apply the law to a given case. I agree with that, and that's why I keep having trouble with this unanimity argument. But then if you play it out, if four jurors thought it was the prosecution's burden, but none of them in the end find there's a problem, where's the constitutional error, other than you can't trace the unanimity? Because the jurors that used the defense having the burden didn't use the same technique, resolution technique as the others. And I think you If you took the Montana Supreme Court at its word and said no one had the burden, then both of those presumptions that they might have used would be in violation of Montana law. But, Your Honor, that speculation is not, respectfully, is not for us to engage in. I don't think you heard my question. Do you want to hear it again? Okay. Go ahead. I said if you take Montana Supreme Court at its word and say nobody has the burden, then the situation you posit of kind of the half-and-half jury would be a problem because if no one has the burden, then assigning it to someone is a problem. Is that true? I don't understand the question. Okay. Well, then maybe you don't understand the nuances of, you know, what we have to deal with here in the, kind of in the context of the Supreme Court cases. I don't understand the question. And it seems apparent to me that you disarm a juror if they're going to have an argument or a discussion, a lively one, about what was apparently the central issue in the case, and four jurors say, well, we think he met the standard was met, the quantum was met, whatever they were dealing with, I don't know. But other jurors say, no, we don't think it was. And in point of fact, they want to go back to the instructions and maybe determine, well, who was responsible for this particular issue in terms of proof burden and quantum of proof? They're without resources. They can't resolve it. They have to guess. Let me ask another point of clarification. If we get beyond simply the assignment of the burden but to the quantum of proof, is that argument made in your brief, in your opening brief, that we should also look for a constitutional error because no quantum? No. It's a, no. It deals exclusively. I'm not going to go there and pretend that I did or think that I forgot it. The issue here deals exclusively with the assignment of the proof burden. Okay. You're out of time. We'll allow you a minute or so for rebuttal. Thank you for your argument, counsel. We'll hear from the State of Montana at this time. Ms. Schmidt? Good morning. Good morning. May it please the Court, my name is Carol Schmidt, and I'm Assistant Attorney General representing the State of Montana. I would like to just take a couple minutes, unless the Court definitely does not want to hear about the COA. But the State does maintain that the doctrine of latches would prevent a granting. I know this Court has granted, but I think the substantial prejudice to the State if the merits was granted and the State had to go back would be greatly and substantially prejudiced in mounting a trial 23 years later after the crime occurred. Ms. Schmidt, I assume that's your best point so far as you're concerned. That's just the way it is. Best point. Is that your view? Well, in this case, I just feel like it's even before we get to the merits. Do you think that's your best point? No, I think I have more than one best point. But I will move on to the merits, which this Court is obviously very concerned with. In this case, the State did charge Mr. Grazer with deliberate homicide, not mitigated deliberate homicide. Therefore, and the jury was so instructed to find beyond a reasonable doubt that each element of the offense charged. A defendant does not have the choice of what he wants to be charged with. And the State did choose to charge deliberate homicide. Suppose the jury thought that the burden on extreme stress vis-a-vis the lesser included offense was on the defendant and that because they had been instructed on elements about beyond a reasonable doubt that it was up to the defendant to prove extreme stress beyond a reasonable doubt. Would that be a problem? Not in this case, Your Honor. As the United States district court held, that if the instructions are ambiguous, you look to what a reasonable juror would do. And so in this case, of course, they might they would have looked at it and say, well, it would make more sense that the mitigating evidence the defendant would have to demonstrate. This jury had the written instructions with them? Yes, they did, Your Honor. So if they looked at the written instructions for the elements on the principal charge, deliberate homicide, they would see that, number one, the State had that burden and that the burden was beyond a reasonable doubt, correct? Correct. So what you're saying is it would be unreasonable for a jury when looking at the lesser included offense that it was the defendant's burden beyond a reasonable doubt to establish extreme stress? Your Honor. That's your position? I cannot really say would it be unreasonable. I suppose that they could have. However, I think then that this Court needs to look at the facts of this case and maintain that once you look at the facts, there is no way that a reasonable juror would even conclude that there was enough mitigating evidence to show by a preponderance of evidence that he had met that burden. Because basically the mitigating circumstances was that he was upset that his girlfriend was dating somebody else. And that is what the mitigating circumstances were. And the State even argued that the instructions should not even be given. However, the Court did allow those instructions but denied the negligent homicide. Some people might think that was extreme emotional stress. So if you read this, the jury has to find that he was acting under the influence of extreme mental or emotional stress. So when they go back in the jury room, how do they intelligently discuss how to find that without knowing who has the burden of proof? Well, Your Honor, they would look at from a reasonable person standard and was it a reasonable excuse to murder somebody? So based upon jurors and their common sense and their trust in the jury system, I would say that a reasonable juror could look at that and say that no reasonable juror would say that that was enough mitigating evidence to go shoot and kill somebody. Well, what if that was the view of five jurors, that I look at the evidence and I'm supposed to find this but I can't? And then three jurors said, well, I don't know. I think there's enough there to show extreme stress, but I don't think that the defendant really met his burden. And then two of them said, well, I think it's the state's burden, isn't it? And then the other one doesn't even know, just sitting in the corner. So you have, you know, three or four different scenarios of the jury in the jury room. How do you meet the unanimity requirement? Well, I would say those are very interesting legal questions, but I would say that in this case, at no time did a jury come back and seem confused or question again about what do you mean by this. They all, there was no... But we just don't know what it was. Well, I still think that's more of a, in the facts of this case, does not lend towards that perspective because... Are you really arguing harmless error in the end, even if it's a problem? Yes, I am arguing harmless error. However, in this case, I am arguing that it is harmless error. However, I also believe that the instruction regarding the reasonable person standard, that Montana Supreme Court has allowed mitigating evidence to come in from both the state and the defense. And so it's more of a rising up of whether it meets that standard than the tilting of justice of the burden and whether it meets that standard. So in that case, that seems to be what the Montana Supreme Court has determined, that when it is not an element of the offense and the state in this case was saddled with the burden to prove beyond a reasonable doubt the deliberate homicide that it did charge, but in this case, it was an escape valve for the defendant, which allowed him, as well as maybe even the state in this case, to prove beyond a reasonable doubt the deliberate homicide that it did. So that is not the crime that he was charged with. Even though it's not something we would benchmark the current case against, I know that this has gone through, the law has gone through several iterations in Montana. Is it true that we're back to the Grasser situation with no assigned burden? Let's see. Unless there's any other questions regarding this. I don't see any. Thank you, counsel, for your argument. We'll hear a minute of rebuttal argument, if you wish. Okay. Just one quick question. Was there anything, evidence-wise, that was not presented in this record that would have been presented had you not felt there was some question not you, but had the defendant's counsel not felt there was some question regarding Your Honor, I did the best I could to harvest all the papers and look at them. I didn't see anything. It seemed like the case was well-tried and presented, even this issue. I think it was well-preserved. So the jury had before it what appears to have been all of the evidence which would have borne on the subject of extreme stress. Is that what you're telling us? Yes. And I would say, I did read, once again, before I closed down for the night last night, the expert testimony of each expert. And the cross of the by the defense of the government expert did yield some nuggets there of emotionality, jealousy, that sort of thing. And it seemed a little bit compromised. So I think it did turn out to be an important issue. Thank you. Thank you. Thank both counsel for their argument. The case just argued will be submitted for decision. The Court will adjourn momentarily to reconstitute itself. We should be back in 15 to 30 minutes. Could be longer, could be shorter. Thank you. The next case up before the reconstituted panel will be Hudson v. Craven.
judges: Farris, Hawkins, McKeown